IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCIS TEJANI KUNDRA §<br>　　　　　　　　　　　　　　§<br>　　　Petitioner,　　　　　　§<br>　　　　　　　　　　　　　　§<br>VS.　　　　　　　　　　　　§<br>　　　　　　　　　　　　　　§<br>ANGELA K. BARROWS, Director §<br>Dallas District Office, Citizenship §<br>and Immigration Service, ET AL. §<br>　　　　　　　　　　　　　　§<br>　　　Respondents.　　　　　§ | NO. 3-05-CV-2425-N |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Francis Tejani Kundra, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

Petitioner, a native and citizen of Uganda, entered the United States as a refugee in 1973 and became a lawful permanent resident in 1982. (Gov't Resp., Exh. 3). On August 9, 2004, petitioner pled guilty to theft of property valued at less than $2,500 and was sentenced to one-year in a state jail facility. (*Id.*, Exh. 5). The state court also revoked petitioner's community supervision on a prior forgery conviction and sentenced him to two years in prison. (*Id.*). Upon his release from state custody in 2005, the Immigration and Naturalization Service ("INS") initiated removal proceedings against petitioner based on his theft conviction. (*Id.*, Exhs. 2 & 3).[1] Petitioner is currently being held without bond pending a hearing before an immigration judge in Houston, Texas.

---

[1] Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") provides for the deportation of any alien who has been convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). The term "aggravated felony" includes "a theft offense . . . for which the term of imprisonment [is] at least one year." *Id.* § 1101(a)(43)(G).

On December 9, 2005, petitioner filed an application for writ of habeas corpus in federal district court. Although his rambling complaint is difficult to decipher, petitioner appears to argue that: (1) his theft and forgery convictions are not aggravated felonies or crimes of moral turpitude under federal immigration law; (2) the immigration judge has refused to schedule a hearing on six different pretrial motions; and (3) he is entitled to a reasonable bond.[2] Respondents have filed a combined answer and motion to dismiss for failure to exhaust administrative remedies. The issues have been fully briefed by the parties and this case is ripe for determination.

II.

As a threshold matter, the court must address the issue of subject matter jurisdiction. The federal habeas statute does not require a petitioner to exhaust administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) (noting that section 2241 does not contain exhaustion provision). However, when exhaustion is mandated by some other statute, the requirement is jurisdictional. *Townsend v. INS*, 799 F.2d 179, 181 (5th Cir. 1986); *see also Goonsuwan v. Ashcroft*, 252 F.3d 383, 387 (5th Cir. 2001) (failure to comply with statutory exhaustion requirement deprives court of jurisdiction to consider habeas petition). The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which govern petitioner's removal proceedings, speak to exhaustion in only one provision:

> A court may review a *final order of removal* only if--
>
>   (1)   the alien has exhausted all administrative remedies available to the alien as of right, and

---

[2] Petitioner also complains that immigration officials have opened his legal mail and denied him adequate medical care. Those claims are not cognizable under 28 U.S.C. § 2241. If petitioner seeks money damages or other relief for the violation of his civil rights, he must file a separate action against the responsible officials under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

>   (2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

8 U.S.C. § 1252(d) (emphasis added). This provision has no application to the present case as petitioner does not seek review of a final order of removal.[3] Instead, petitioner challenges certain pretrial rulings made by the immigration judge and his continued detention without bond.

Although there is no statutory exhaustion requirement, the court has discretion to require or pretermit exhaustion. *See McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992). The Supreme Court has long recognized that exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Id.*, 112 S.Ct. at 1086. These concerns apply with particular force "when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise." *Id.* (citing cases); s*ee also Garner v. U.S. Dep't of Labor*, 221 F.3d 822, 825 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1230 (2001). Notwithstanding the sound principles underlying the exhaustion doctrine, there are at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion: (1) where there is an unreasonable or indefinite timeframe for administrative action; (2) where an agency lacks authority to grant effective relief; and (3) where exhaustion would be futile because "the administrative body is shown to be biased or has otherwise predetermined the issue before it." *McCarthy*, 112 S.Ct. at 1087-88. *See also Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003).

---

[3] The court notes that under the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 (May 11, 2005), a federal district court no longer has jurisdiction over section 2241 habeas petitions attacking removal orders. Instead, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the INA]." Pub. L. 109-13, 119 Stat. 231, 311, § 106. *See also Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1055 (2006).

Absent one or more of these circumstances, a federal court should decline to exercise habeas jurisdiction unless the petitioner has exhausted available administrative remedies. *Beharry*, 329 F.3d at 63.

Petitioner seeks federal habeas relief on the grounds that, *inter alia*: (1) his theft and forgery convictions are not aggravated felonies; and (2) the immigration judge has refused to schedule a hearing on six different pretrial motions. However, petitioner has not even had a removal hearing, much less appealed any adverse decision to the Board of Immigration Appeals. Nor is there any reason to believe that strict adherence to the exhaustion requirement would be futile or frustrate petitioner's ability to seek judicial review of his claims. Under these circumstances, the court should decline to exercise subject matter jurisdiction over the claims arising out of petitioner's ongoing removal proceeding. *See Gomez v. Gonzales*, No. 05-60048, 2006 WL 41336 at *4 (5th Cir. Jan. 6, 2006) (noting that Board of Immigration Appeals should be given first opportunity to correct any procedural errors committed during removal hearing).

III.

Petitioner also challenges his mandatory detention under section 236(c) of the Immigration and Nationality Act ("INA"). This statute provides:

> The Attorney General shall take into custody any alien who--
>
> (A)  is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B)  is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C)  is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or

>>    (D)    is inadmissible under section 1182(a)(3)(B) of this title
> or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1). Under this statute, the Attorney General is required to detain deportable criminal aliens until a final order of removal is issued. While the INA does not specifically define "criminal alien," the term "applies mainly to aliens convicted of 'aggravated felonies' or [to designated offenses] . . . involving moral turpitude." *See* S. REP. NO. 104-48, 104th Cong., 1st Sess. (1995) at 4. The theft offense for which petitioner was convicted and sentenced to one-year in a state jail facility qualifies as an "aggravated felony" under the statute. *See id.* § 1101(a)(48)(G).

The Supreme Court has upheld the mandatory detention of criminal aliens pending removal. In *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), the Court wrote that mandatory detention "necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore*, 123 S.Ct. at 1720. Such is the case here. To the extent petitioner challenges the mandatory detention provisions of section 236(c) on due process grounds, his argument is foreclosed by *Kim*. *See also Olaseni v. Ashcroft*, No. 3-02-CV-2084-AH, 2003 WL 21321221 at *2 (N.D. Tex. Jun. 5, 2003), *aff'd*, 100 Fed.Appx. 237 (5th Cir. May 26, 2004).

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. The court should dismiss for lack of subject matter jurisdiction petitioner's claims that his theft and forgery convictions are not aggravated felonies or crimes of moral turpitude and that the

immigration judge has refused to schedule a hearing on six different pretrial motions. Petitioner's claim that he is entitled to a reasonable bond should be denied on the merits.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 24, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE